**AMERICAS**
NEW YORK
SAN FRANCISCO
SÃO PAULO
SILICON VALLEY
WASHINGTON, D.C.

**ASIA**
HONG KONG
SEOUL

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

D: +1 212 225 2524
evicens@cgsh.com

**EUROPE & MIDDLE EAST**
ABU DHABI
BRUSSELS
COLOGNE
LONDON
MILAN
PARIS
ROME

August 3, 2026

**<u>VIA CM/ECF</u>**

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

**Re:** *Elite Precision Customs L.L.C., et al. v. Bureau of Alcohol, Tobacco, Firearms and Explosives, et al.*, **No. 25-11206**

Dear Mr. Cayce:

We respond to Plaintiffs' notice of supplemental authority, Dkt. No. 66, regarding *Wolford v. Lopez*, 609 U.S.___, 146 S. Ct. 2032 (2026), and *United States v. Hemani*, 146 S. Ct. 1677 (2026).[1] Neither decision supports Plaintiffs' arguments on appeal.

*Wolford* concerned Hawai'i's law prohibiting concealed-carry permit holders from carrying on private property open to the public without the property owner's consent. 146 S. Ct. at 2040–41. The Court described this as a "severe" restriction on bearing arms. *Id. Wolford* left undisturbed *Heller*'s longstanding ruling that conditions on the commercial sale of arms are presumptively lawful. *Id.* at 2042; *see* Defendants' Br. at 13; Amicus Br. at 3–5, 11 n.3. *Wolford* also confirmed that *Bruen*'s first step requires asking whether the law restricts the keeping or bearing of arms. 146 S. Ct. at 2043–44. Here,

---

[1]     The Court may consider 28(j) submissions from *amicus curiae. See, e.g.*, *McRaney v. The North American Mission Board of the Southern Baptist Convention, Inc*., No. 23-60494 (May 30, 2024), Dkt. 110.

the district court properly concluded that the Sale Restrictions merely regulate the "manner" of acquiring arms. Op. at 717; Defendants' Br. at 15; Amicus Br. at 7.

Contrary to Plaintiffs' assertions, Hawai'i's law was nothing like the Sale Restrictions. The Sale Restrictions are a *de minimis* commercial regulation only applicable at one point in time. Defendants' Br. at 17–21; Amicus Br. at 4–7.

Plaintiffs' comparison to *Hemani*, which ruled that "habitual drunkard" laws did not justify an automatic disarmament of a regular marijuana user, fares no better. 146 S. Ct. at 1686–87. Here, there is a historical tradition of "restricting arms transactions across borders"—the very conduct the Sale Restrictions regulate. Defendants' Br. at 10 (citing cases); Amicus Br. at 14 (same). This is not the "high level of generality" Plaintiffs claim is impermissible.

Word Count: 327

Dated: August 3, 2026
        New York, New York

Respectfully submitted,

*/s/ Elizabeth Vicens*
Elizabeth Vicens
Samuel Levander
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
(212) 225-3999 (fax)
evicens@cgsh.com
slevander@cgsh.com

*Counsel for Amici Curiae Giffords Law Center to Prevent Gun Violence and Brady Center to Prevent Gun Violence*

cc: All Counsel of Record (via ECF)